# UNITED STATES DISTRICT COURT
## Middle District of Alabama

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| KEVIN WAYNE WILLETT | ) | Case Number: 1:21-CR-285-ECM-01 |
| | ) | USM Number: 50546-509 |
| **Date of Original Judgment:** 6/23/2022 | ) | SANDI IRWIN |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**
☑ pleaded guilty to count(s)  2 and 4 of the Indictment on 3/7/22
☐ pleaded nolo contendere to count(s)
  which was accepted by the court.
☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1470 | Transfer Obscene Matter to a Minor | 5/3/2018 | 2 |
| *18 USC § 2252A(a)(6) | Knowingly Distributing Child Pornography to a Minor | 5/5/2018 | 4 |

The defendant is sentenced as provided in pages 2 through  8  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☑ Count(s)  1 and 3 of the Indictment  ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/22/2022
Date of Imposition of Judgment

/s/ Emily C. Marks
Signature of Judge

EMILY C. MARKS,   Chief U.S. District Judge
Name and Title of Judge

3/7/2023
Date

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
Case 1:21-cr-00285-ECM-JTA   Document 67   Filed 03/07/23   Page 2 of 8
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 2 of 8

DEFENDANT: KEVIN WAYNE WILLETT
CASE NUMBER: 1:21-CR-285-ECM-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

210 Months Imprisonment
This sentence consists of 120 months on Count 2 and 210 months on Count 4 to be served concurrently.
The sentence in this case shall run concurrently with any sentence imposed in the pending case in Houston County (Docket No. DC18-2581)

☑ The court makes the following recommendations to the Bureau of Prisons:
  The Court recommends that you be designated to a facility where drug treatment, mental health treatment, and sex offender treatment are available,

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: KEVIN WAYNE WILLETT
CASE NUMBER: 1:21-CR-285-ECM-01

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

Upon release from imprisonment, you will be on supervised release for a term of: 5 YEARS

This term consists of 3 years on Count 2 and 5 years on Count 4, to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: KEVIN WAYNE WILLETT
CASE NUMBER: 1:21-CR-285-ECM-01

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: KEVIN WAYNE WILLETT
CASE NUMBER: 1:21-CR-285-ECM-01

## SPECIAL CONDITIONS OF SUPERVISION

You shall participate in a program approved by the United States Probation Office for substance abuse as directed, which may include testing to determine whether you have reverted to the use of drugs. You shall contribute to the cost of any treatment based on your ability to pay and the availability of third-party payments.

You shall provide the probation officer any requested financial information.

You shall notify the Collections Unit, U.S. Attorney's Office, before transferring any interest in property owned directly or indirectly, this include any interest held or owned under any other name or entity, including trusts, partnerships and/or corporations.

You shall not obtain new credit without approval of the Court unless in compliance with the payment schedule.

You shall participate in a mental health treatment program approved by the United States Probation Office as directed and contribute to the cost based on ability to pay and availability of third party payments.

You shall register as a sex offender as required by law.

You shall participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders, to include polygraph testing if determined necessary by the treatment provider and/or the supervising probation officer.

You shall have no contact with children under the age of 18, and you will refrain from entering into any place where children normally congregate, without the written approval of the Court.

You shall not possess any form of pornography, sexually stimulating or sexually oriented material depicting children under the age of 18. You shall not enter any location where such pornography or erotica can be accessed, obtained, or viewed.

You shall not possess or use a computer or any device that can access the internet; except that you may, with the approval of the probation officer, use a computer in connection with authorized employment. You shall consent to third party disclosure to any employer or potential employer, concerning any computer-related restrictions that are imposed on you.

You shall submit your person, and any property, house, residence, vehicle, papers, computer, or other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct, and by any probation officer in the lawful discharge of the officer's supervision functions.

You shall pay to the U.S. District Court Clerk a special assessment fee of $200, which is due immediately. Pursuant to 18 U.S.C. § 2259A(a)(2), you shall pay an additional assessment fee of $1,000. Based on your inability to pay, the Court waives the imposition of a fine.

It is further ordered that you make restitution to "Pia" from the Sweet Sugar series in the amount of $3,000; "Jenny" from the Jenny series in the amount of $3,000; "Tara" from the Tara series in the amount of $3,000; and "Violet" from the At School series in the amount of $3,000 which is due immediately. Payments are to be made to the U.S. District Court Clerk for distribution to the victim. Any balance remaining at the start of supervision shall be paid at the rate of not less than $100 per month. Interest on restitution is waived.

DEFENDANT: KEVIN WAYNE WILLETT
CASE NUMBER: 1:21-CR-285-ECM-01

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 12,000.00 | $ | $ 1,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss***  | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| "Pia" from Sweet Suga series<br>Deborah A. Bianco<br>P.O. Box 6503<br>Bellevue, Washington 98008 | $3,000.00 | $3,000.00 | |
| "Jenny" from Jenny series<br>Marsh Law Firm PLLC, in trust for Jenny<br>P.O. Box 4668 #65135 New York, NY 10163-4668 | $3,000.00 | $3,000.00 | |
| **TOTALS** | $ 12,000.00 | $ 12,000.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☑ the interest requirement is waived for   ☑ fine   ☑ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 5B — Criminal Monetary Penalties  (NOTE: Identify Changes with Asterisks (*))

Case 1:21-cr-00285-ECM-JTA   Document 67   Filed 03/07/23   Page 7 of 8

Judgment — Page 7 of 8

DEFENDANT: KEVIN WAYNE WILLETT
CASE NUMBER: 1:21-CR-285-ECM-01

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| "Tara" from Tara Series<br>Sherri Jackson<br>P.O. Box 1890<br>Lafayette, GA 30728 | $3,000.00 | $3,000.00 | |
| "Violet" from At School series<br>Carol L. Hepburn, trust for Violet<br>P.O. Box 17718<br>Seattle, Washington 98127 | $3,000.00 | $3,000.00 | |

\* Findings for the total amount of losses are required by Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments
Case 1:21-cr-00285-ECM-JTA   Document 67   Filed 03/07/23   Page 8 of 8
(NOTE: Identify Changes with Asterisks (*))
Judgment — Page 8 of 8

DEFENDANT: KEVIN WAYNE WILLETT
CASE NUMBER: 1:21-CR-285-ECM-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☑ Lump sum payment of $ 13,200.00 due immediately, balance due

☐ not later than _____ , or
☑ in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:

You shall pay to the U.S. District Court Clerk a special assessment fee of $200.00, which is due immediately. Pursuant to 18 U.S.C. § 2259A(a)(2), you shall pay an additional assessment fee of $1,000.
You shall pay to the U.S. District Court Clerk restitution in the amount of $12,000.00 which is due immediately. Any balance remaining at the start of supervision shall be paid at the rate of not less than $100 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate. |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
Samsung Galaxy, Model J3V cell phone, IMEI: 355076080831739; Gateway Laptop, Model MS2285, serial number illegible; Hitachi Hard Drive, Model 5K500, SN: Q7DD8GJV; Lenovo Laptop, Model B570, SN: WBO2337623; Western Digital Hard Drive, WD5000BEKT-60KA9T0,WX51A90X30161;Toshiba Hard Drive, MK2565GSXN, 51UWB7CEBKU4; Western Digital Hard Drive, WD3200AAJS-65M0A0, WMAV28613240. Seagate Hard Drive ST1000DM003, Z1D8WKNR; and Dell Tablet, Model 3830, SN: JMCGJZ1

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.